**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTHONY JACKSON,

                                  Plaintiff,

             - v -                                        Civ. No. 9:07-CV-631
                                                              (DNH/RFT)

BRIAN FISCHER, *Commissioner,*
*Department of Correctional Services, et al.*,

                                  Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

ANTHONY JACKSON
Plaintiff, *Pro Se*
02-A-6522
Southport Correctional Facility
P.O. Box 2000
Pine City, N.Y. 14871

HON. ANDREW M. CUOMO                     RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     On June 14, 2007, *pro se* Plaintiff Anthony Jackson filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was sentenced to six (6) months in the Special Housing Unit (SHU) as a consequence of a Misbehavior Report filed against him and his subsequent conviction at a Disciplinary Hearing. Dkt. Nos. 1, Compl. & 7, Am. Compl. at [unnumbered] p. 14. Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* ("IFP"), which was granted by the Court. Dkt. Nos. 2 & 4. Presently before the

Court is Defendants' Motion to Dismiss brought pursuant to 28 U.S.C. § 1915(g), which the Plaintiff has not opposed.[1]  Dkt. No. 22.

For the reasons that follow, it is recommended that the Defendants' Motion be **granted**.

## I.  DISCUSSION

### A.  28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1).  The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity.  *Id*. at § 1915(a)(2).  Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id*. at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996, which renders several restrictions on a prisoner's ability to exploit the justice system.  One such mechanism is the so-called "three-strike rule" which bars inmates from proceeding IFP after three or more previous claims, where the prisoner was granted IFP status, have been dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *Id*. at § 1915(g).

---

[1] On November 9, 2007, this Court issued an Order that was mailed to Plaintiff extending his time to respond in opposition to the Defendants' Motion to Dismiss.  *See* Dkt.  In that Order, we admonished Plaintiff that if he failed to respond, "the Court will consider this motion without his response, which may result in the Court granting the motion."  *Id.*

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration--prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials--has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense. *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

In calculating which cases count towards the three strikes rule, a court may look to dismissals which predated the enactment of the PLRA. *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000). The Second Circuit has held such a calculation to be proper and constitutional given that the determination to revoke IFP status in no way affects the merits of the prisoner's case, but rather prevents the inmate from continuing suit without the payment of fees. *Id*.

### B. Jackson's Three Strikes

Defendants assert that Plaintiff has accrued more than three strikes and they have directed the Court's attention to several orders of dismissal entered against Plaintiff in previous lawsuits. We consider the following three cases[2] in which Plaintiff's claims were dismissed after he was granted IFP status.

In *Jackon v. Goord*, 9:06-CV-658 (N.D.N.Y. Mar. 4, 2007), the Honorable Thomas J. McAvoy, Senior United States District Court Judge, dismissed Plaintiff's amended complaint for

---

[2] We note that the Defendants, through their counsel, have attached numerous docket sheets as proof of previous strikes against Plaintiff. *See* Dkt. No. 22, Defs.' Mot. to Dismiss, Exs. A, E-J. While these docket sheets may be adequate to corroborate previous strikes in certain instances, the Court always prefers to review the actual written decisions that are referenced on the docket sheets. In this case, the Defendants provided written decisions in each of the three cases discussed.

failure to state a cognizable constitutional claim. Dkt. No. 22, Defs.' Mot. to Dismiss, Ex. B, Decision & Order, dated Dec. 13, 2006. Specifically, Plaintiff failed to allege personal involvement on the part of the Defendant. *Id.* The district court offered Plaintiff the opportunity to file another amended complaint, which he did not, and a judgment was thereafter entered for the defendants. *Id*. at Judgment, dated Mar. 4, 2007. Thus, because that claim was dismissed for failure to state a claim upon which relief could be granted, it counts as a strike under § 1915(g).

In *Jackson v. Goord*, 9:05-CV-0682 (N.D.N.Y. Oct. 2, 2006), Plaintiff's complaint was dismissed for failure to state a claim upon which relief could be granted. Defs.' Mot. to Dismiss, Ex. C, Decision and Order, dated Aug. 1, 2006. In that complaint, Plaintiff failed to allege any personal involvement on the part of the defendant. *Id.* Again, Plaintiff was provided the opportunity to file an amended complaint, which he did not, and a judgment was thereafter entered for the defendant. *Id*. at Judgment, dated Oct. 2, 2006. Because that lawsuit was dismissed for failure to state a claim upon which relief could be granted, it counts as a second strike.

Finally, in *Jackson v. Mukasey*, 8:06-CV-1284 (N.D.N.Y. Nov. 14, 2006), Plaintiff sued twelve judges and a district attorney. He sued the judges because each one denied an appeal or dismissed an action Plaintiff had filed, and the district attorney because he opposed Plaintiff's post-conviction court proceedings. Defs.' Mot. to Dismiss, Ex. D, Decision & Order, dated Nov. 13, 2006. The Honorable Lawrence E. Kahn, Senior United States District Court Judge, stated that the court "must dismiss this action because all defendants are named solely because of their actions relating to their judicial or prosecutorial functions." *Id*. at p. 6. The court dismissed Plaintiff's claims with prejudice for failure to state a claim upon which relief could be granted. *Id.* at p. 7. Therefore, this action constitutes a third strike against Plaintiff.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's IFP status be **revoked** because Plaintiff has brought, on three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(g), and because he has not alleged in this action that he is in imminent danger of serious physical injury; and it is further

**RECOMMENDED**; that Plaintiff's Amended Complaint (Dkt. No. 7) be **conditionally dismissed** until such time as Plaintiff has payed the entire $350.00 filing fee; and it is further

**RECOMMENDED**, that if Plaintiff does not submit the $350.00 filing fee **within thirty (30) days** from the date this Report-Recommendation is adopted, his Complaint be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: July 21, 2008
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge